# EXHIBIT Q

AES:JN
F. # 2020R00016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                    PLEA AGREEMENT

    - against -

                                                          21 CR 65 (RJD)

RICARDO ALBERTO MARTINELLI
LINARES,

              Defendant.

- - - - - - - - - - - - - - - - -X

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York, the United States Department of Justice, Criminal Division, Fraud Section, and the United States Department of Justice, Criminal Division, Money Laundering and Asset Recovery Section (collectively, the "Government"), and RICARDO ALBERTO MARTINELLI LINARES (the "defendant") agree to the following:

1. The defendant will plead guilty to Count One of the above-captioned Indictment, charging a violation of 18 U.S.C. § 1956(h). The count carries the following statutory penalties:

    a. Maximum term of imprisonment: 20 years
       (18 U.S.C. §§ 1956(a) and 1956(h)).

    b. Minimum term of imprisonment: 0 years
       (18 U.S.C. §§ 1956(a) and 1956(h)).

    c. Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
       (18 U.S.C. §§ 3583 (b) & (e)).

   d.  Maximum fine: $500,000 or twice the gross gain or loss, whichever is greater
(18 U.S.C. §§ 1956(a), 1956(h), 3571(b)(1), 3571(d)).

   e.  Restitution: Mandatory in the full amount as determined by the Court
(18 U.S.C. §§ 3663A and 3664).

   f.  $100 special assessment
(18 U.S.C. § 3013).

   g.  Other penalties: removal, as set forth in paragraph 14; criminal forfeiture, as set forth in paragraphs 7 through 13
(18 U.S.C. §§ 982(a)(l) and 982(b)(1)).

2.  The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Government will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Government estimates the likely adjusted offense level under the Guidelines to be a range of imprisonment of 151 to 188 months, which is predicated on the following Guidelines calculation:

| | | |
|---|---|---:|
| | Base Offense Level (§ 2S1.1(a)(2)) | 8 |
| Plus: | Loss More than $25,000,000 (§ 2B1.1(b)(1)(L)) | +22 |
| Plus: | Conviction under 18 U.S.C. § 1956(h) (§ 2S1.1(b)(2)(B)) | +2 |
| Plus: | Offense Involved Sophisticated Laundering (§ 2S1.1(b)(3)) | +2 |

        Total:   <u>34</u>

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 32 and a range of imprisonment of 121 to 151 months, assuming that the defendant falls within Criminal History Category I. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Government, and if the defendant pleads guilty on or before December 15, 2021, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 31. This level carries a range of imprisonment of 108 to 135 months, assuming that the defendant falls within Criminal History Category I. The defendant stipulates to the above Guidelines calculation.

        3.        The Guidelines estimate set forth in paragraph 2 is not binding on the Government, the Probation Department or the Court. If the Guidelines offense level advocated by the Government, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the Government will not be deemed to have breached this agreement.

        4.        The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 151 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the

defendant's plea is later withdrawn. The defendant further waives the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s). Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing. The defendant understands that he may be subject to removal as set forth in paragraph 14 below. Nevertheless, the defendant affirms that he wants to plead guilty and to waive his right to appeal as set forth at the beginning of this paragraph, even if the consequence is the defendant's automatic removal from the United States.

      5.      The Government agrees that:

          a.      no further criminal charges will be brought against the defendant for his participation, in and about and between 2009 and 2015, in the bribery of foreign officials and the laundering of money promoting or derived from that bribery, as alleged in the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the Indictment with prejudice;

and, based upon information now known to the Government, it will

          b.      take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

4

        c.    make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Government, becomes known to the Government after the date of this agreement, the Government will not be bound by subparagraphs 5(b) and 5(c).  Should it be judged by the Government that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but the Government will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraph 5(a)-(c).

      6.    The defendant agrees that any statements made by the defendant under oath during the plea proceeding and in the Factual Proffer (attached as Exhibit A to this agreement) will be admissible against the defendant in any criminal case involving the Government and the defendant as: (a) substantive evidence offered by the Government in its case-in-chief and rebuttal case; (b) impeachment evidence offered by the Government on cross-examination; and (c) evidence at any sentencing hearing or other hearing, notwithstanding any other subsequent event, including but not limited to the defendant's withdrawal or attempted withdrawal of his guilty plea, or the court's refusal to accept the defendant's guilty plea.  If the defendant violates any provision of this agreement, prosecutions for crimes currently known and unknown to the Government that are not time-barred by the applicable statutes of limitation on the date this agreement is signed may be commenced against the defendant notwithstanding the expiration of the statute of limitation between the signing of this agreement and the commencement of any such prosecutions.  If any such prosecutions are brought, subject to the provisions of Paragraph 15, the defendant waives all claims under the United States Constitution,

5

Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or rule that statements made by the defendant on or after August 14, 2018, including any statements made by the defendant under oath during the plea proceeding, or any leads derived therefrom, should be suppressed.

    7.  The defendant acknowledges that he obtained and/or acquired property that is subject to forfeiture as a result of his violations of 18 U.S.C. § 1956(h), as alleged in the above-captioned Indictment. The defendant consents to the forfeiture of: (a) eighteen million eight hundred ninety-two thousand five hundred thirty-two dollars and forty cents ($18,892,532.40) (the "Forfeiture Money Judgment"); and (b) all right, title and interest in the following assets (the "Forfeitable Assets"): (i) all funds on deposit at Bank Vontobel AG (the "Vontobel Funds") in Switzerland in account nos. 10.520976-6 and 10.328862_1, held in the names of Diamong Investments Corp. and Waterspoon International Ltd., respectively; (ii) all funds restrained by U.S. Immigration and Customs Enforcement in connection with Luis Enrique Martinelli Linares's immigration bond, file no. A***-**4-620, Bond Receipt no. KROC1900454, and associated with Treasury Account Symbol 70X6697 Fund Code 05 (the "Bond Funds"); (iii) all funds held in the attorney escrow account at International Finance Bank held for the benefit of defendant (the "IFB Funds"); (iv) all funds held in the attorney escrow account in Switzerland for the benefit of the defendant and Luis Enrique Martinelli Linares (the "Swiss Escrow Funds"); (v) the real property and premises (the "Miami Condo") located at Icon Tower, 495 Brickell Avenue, Apt. 4701, Miami, FL, 33133; and (vi) six hundred sixty-nine thousand forty-seven dollars and twenty cents ($669,047.20) U.S. Currency (the "U.S. Currency"). The defendant agrees that the amount of the Forfeiture Money Judgment, the Forfeitable Assets and any payments toward the Forfeiture Money Judgment represent property

involved in the defendant's violations of 18 U.S.C. § 1956(h) and/or substitute assets, and thus are forfeitable to the United States pursuant to 18 U.S.C. §§ 982(a)(l) and 982(b)(1), in any administrative and/or judicial (civil or criminal) proceeding at the Government's exclusive discretion.  The defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, imposing the Forfeiture Money Judgment and forfeiting the Forfeitable Assets.  If forfeited to the United States in accordance with the provisions set forth below—and/or in the case of the Vontobel Funds and the Swiss Escrow Funds, if forfeited to the government of Switzerland—the Forfeitable Assets shall be credited towards the Forfeiture Money Judgment.  The defendant shall assist with the repatriation and/or forfeiture of the Forfeitable Assets as follows:

   a. <u>The Vontobel Funds and the Swiss Escrow Funds</u>.  The defendant agrees to take all necessary steps as directed by the Government in the repatriation of the Vontobel Funds and the Swiss Escrow Funds, including the execution of a consent directive for the transfer of the Vontobel Funds and the Swiss Escrow Funds, to an account designated by the Government.  In the event that any portion of the Vontobel Funds and the Swiss Escrow Funds is returned to the defendant, or any other person, the defendant consents to, and will assist in, the repatriation and/or surrender of such funds for forfeiture proceedings in the United States in accordance with this agreement.

   b. <u>The Miami Condo</u>.  The defendant consents to the forfeiture and sale of the Miami Condo, and will assist in all necessary steps including the execution of any and all documents necessary to consummate the sale of the Miami Condo, to convey clear title of the property to a third-party buyer, and to further implement the terms of such sale, including the production of any and all documents and/or information relating to the Miami Condo in the

defendant's possession, or otherwise request that third parties in possession of such documents and/or information make them readily available for the Government's receipt.

        c.        <u>The U.S. Currency</u>.  The defendant agrees to deliver to the Government prior to the Guilty Plea a money order, certified check or official bank check payable to the "United States Marshals Service" in the full amount of the U.S. Currency.

        8.        The Forfeitable Assets shall be forfeited as soon as practicable within the time periods set forth above and credited against the amount of the Forfeiture Money Judgement. The remaining amount of the Forfeiture Money Judgment shall be paid in full no later than thirty (30) days (the "Due Date") in advance of the date that the defendant is first scheduled for sentencing.  All payments made by the defendant toward the Forfeiture Money Judgment shall be made by money order, certified check or official bank check, payable to the "United States Marshals Service."  The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Laura D. Mantell, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, 7th Floor, Brooklyn, NY 11201, with the criminal docket number noted on the face of the instrument.  The defendant consents to the restraint of the Forfeitable Assets and all payments made toward the Forfeiture Money Judgment. The defendant also waives all statutory deadlines with respect to the Forfeitable Assets and all Forfeiture Money Judgment payments, including but not limited to deadlines set forth in 18 U.S.C. § 983.

        9.        If the defendant fails to pay any portion of the Forfeiture Money Judgment or forfeit any of the Forfeitable Assets on or before the Due Date, the defendant consents to the forfeiture of any other property of his up to the amount of the unpaid Forfeiture Money

Judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. §§ 853(p)(1)(A)-(E) have been met.

10. The defendant agrees to fully assist the Government in the repatriation and/or forfeiture of the Forfeitable Assets and in effectuating the payment of the Forfeiture Money Judgment by among other things, executing any documents necessary to effectuate any transfer of title to the United States. Such assistance shall also include providing any evidence, including any testimony, needed to seek the repatriation or forfeiture of the Forfeitable Assets and/or to defend any third-party claims to such assets. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of any of the Forfeitable Assets or any property against which the Government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of any of the Forfeitable Assets or any property against which the Government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) forfeiture proceeding.

11. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Government may bring additional criminal charges against the defendant.

12. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder, including notice set forth in an indictment, information or administrative notice. In addition, the defendant

knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Forfeitable Assets and the entry of a Forfeiture Money Judgment, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post Facto</u> clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

13. The defendant agrees that the entry and payment of the Forfeiture Money Judgment is not to be considered the payment of a fine, penalty, restitution loss amount or payment of any income taxes that may be due, and shall survive bankruptcy.

14. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

15. This agreement does not bind any federal, state, or local prosecuting authority other than the Government, and does not prohibit the Government from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

Apart from any written proffer agreements signed August 14, 2018 and initialed on September 26, 2018, December 21, 2018, April 3, 2019, June 12, 2019, September 18, 2019 and October 30, 2019, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
      December 10 , 2021

| | |
|---|---|
| BREON PEACE<br>United States Attorney<br>Eastern District of New York | JOSEPH S. BEEMSTERBOER<br>Acting Chief, Fraud Section<br>Criminal Division, Dept. of Justice |
| By: *Alixandra Smith*<br>    Alixandra Smith<br>    Assistant U.S. Attorney | By: *Michael Culhane Harper*<br>    Michael Culhane Harper<br>    Trial Attorney |

Approved by:

_[signature]_

David Pitluck
Supervising Assistant U.S. Attorney


DEBORAH L. CONNOR
Chief, Money Laundering and
Asset Recovery Section
Criminal Division, Dept. of Justice


By: _[signature]_
    Barbara Levy
    Michael B. Redmann
    Trial Attorneys


I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_[signature]_

RICARDO ALBERTO MARTINELLI LINARES
Defendant


Approved by:

_[signature]_

Sean Hecker
Counsel to Defendant