# EXHIBIT R



**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Shayna Himelfarb, hereby certify that the document "**NUMERO_ÚNICO_01036-2020-00010**" is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

_____
Shayna Himelfarb

Sworn to before me this
December 6, 2021



_____
Signature, Notary Public

_____
Stamp, Notary Public

# CERTIFIED TRANSLATION

[seal:] THIRD CRIMINAL SENTENCING COURT, NARCOACTIVITY AND CRIMES AGAINST THE ENVIRONMENT Guatelama, C.A. [Central America] SECRETARIAT
[seal:] THIRD CRIMINAL SENTENCING COURT, NARCOACTIVITY AND CRIMES AGAINST THE ENVIRONMENT Guatelama, C.A. [illegible]
[signature]

**UNIQUE NUMBER 01036-2020-00010**

**EXTRADITION 10-2020 SECRETARIAT**

**THIRD CRIMINAL SENTENCING COURT, NARCOACTIVITY AND CRIMES AGAINST THE ENVIRONMENT. GUATEMALA, NOVEMBER EIGHT OF THE YEAR TWO THOUSAND TWENTY-ONE.**

**I)**   The formal request for extradition presented by the government of the United States of America against the Panamanian citizen **RICARDO ALBERTO MARTINELLI LINARES** is pending to be settled.

**II)**   PERSONAL **IDENTIFICATION DATA OF THE PARTY SUBJECT TO THE EXTRADITION REQUEST, INDICATING THE REQUESTING STATE:** The government of the United States of America, through the corresponding channels, requires the extradition of the Panamanian citizen RICARDO ALBERTO MARTINELLI LINARES, forty-two years old, single, Panamanian, a businessman, born on August twenty-six, nineteen seventy-nine in Panama City, he is the son of Ricardo Alberto Martinelli Berrocal and Marta Linares de Martinelli, and identifies himself with a Panamanian passport number PA 0803503.

**III)   REGARDING THE DETAIL OF THE FACTS ATTRIBUTED TO THE PARTY SUBJECT TO THE EXTRADITION REQUEST.** Pursuant to the written request for extradition presented in this court by the Public Prosecutor's Office; according to Verbal Note number two hundred thirty-five dated August twenty-seven of the year two thousand twenty, and Verbal Note number one hundred ninety-nine dated May three, two thousand twenty-one, sent by the Embassy of the United States of America accredited in Guatemala, through the Ministry of Foreign Affairs of the Republic of Guatemala, in which they submit the formal

[signature]                                [signature]

1

request for the extradition of the Panamanian citizen **RICARDO ALBERTO MARTINELLI LINARES.** The party subject to the extradition request is subject to an Amended Indictment in case number 20-M-498, (also referred to as 20- 498M and 2020R00016), filed on July twenty, two thousand twenty, in the United States District Court. for the Eastern District of New York, being charged with the following crimes: **CHARGE ONE:** Illegal association to commit money laundering, in violation of sections 1956 (h), 1956 (a) (1)(B)(i), 1956 (a)(2)(A), and 1957 of Title 18 of the Code of United States of America.

**CHARGE TWO:** Money laundering in violation of sections 1956 (a)(l)(B)(i), and 2 Title 18 of the United States of America Code; and a formal indictment in case number 1: 21-cr-00065 (RJD) (also referred to as 1:21-cr-00065 (DG) (VMS), Cr. Number 1:21-cr-00065 (DG) ( VMS), Case 1:21-cr-00065-DG, Case 1:21-cr-00065 (RJD), and Case Number 1:21-cr-00065 (DG) (VMS)), filed on February four, two thousand twenty-one, in the United States District Court, Eastern District of New York, charging him with the following crimes: **CHARGE ONE:** Conspiracy to commit money laundering, in violation of Sections 1956(h), 1956 (a)(1)(B)(i), 1956 (a)(2)(A), and 1957, 3238, and 3551 et seq. of Title 18 of the Code of the United States of America.

**CHARGES TWO AND THREE:** Money laundering, in violation of sections 1956 (a)(1)(B)(i) 3238 and 3551 et seq. of Title 18 of the United States of America Code. These charges are made based on the following facts: "On December 21, 2016, Odebrecht S.A. (hereinafter referred to as" Odebrecht") pleaded guilty in the United States to conspiracy to violate the anti-bribery provisions of the Foreign Corrupt Practices Act and admitted a structure that lasted from 2001 to 2016 to secure billions of dollars in infrastructure projects by paying more than $700 million US dollars in bribes to government officials in Panama and

2

[seal:] THIRD CRIMINAL SENTENCING COURT, NARCOACTIVITY AND CRIMES AGAINST THE ENVIRONMENT Guatelama, C.A. [Central America] SECRETARIAT

[seal:] THIRD CRIMINAL SENTENCING COURT, NARCOACTIVITY AND CRIMES AGAINST THE ENVIRONMENT Guatelama, C.A. [illegible] [signature]

other countries. Odebrecht was a Brazilian holding company that conducted business in several industries, including engineering, construction, infrastructure, energy, chemicals, utilities, and real estate. Odebrecht concealed the nature, source, ownership, and control of the proceeds of the bribery structure by channeling the proceeds of the structure through the bank accounts of shell companies abroad to the final beneficiaries of the bribes - foreign officials and their representatives. Odebrecht had wire transfers carried out from bank accounts related to Odebrecht to the bank accounts of foreign shell companies controlled by Odebrecht, including through accounts based in New York. The funds destined for the payment of illegal bribes were then transferred through multiple bank accounts of shell companies abroad around the world, including through bank accounts based in New York, before they reached the final recipients of the bribe. Odebrecht used an agent in the United States to establish and operate bank accounts of shell companies abroad used for money laundering and for bribery in favor of foreign officials, including a high-ranking public official in Panama (hereinafter referred to as the "Panama Government Official") from 2009 to 2014. The Panama Government Official was a "public official" as said term is defined in the Criminal Code of the Republic of Panama. Between August 2009 and January 2014, Ricardo Alberto Martinelli Linares (hereinafter Ricardo Martinelli) and Luís Enrique Martinelli Linares (hereinafter referred to as "Luis Martinelli"), together with other people, took part in the bribery of Odebrecht and the money laundering structure, among others, acting as intermediaries

[signature]                                    [signature]

3

for bribery payments and other valuables that Odebrecht offered and provided to the Official Government of Panama [*sic*: Panama Government Official]. Among other things, RICARDO MARTINELLI and Luis Martinelli established bank accounts abroad, in Switzerland, under the name of shell companies to receive and conceal bribery payments that Odebrecht made in favor of the Official Government of Panama [*sic*: Panama Government Official]. RICARDO MARTINELLI and Luis Martinelli established shell companies in foreign jurisdictions; they acted as signatories to some of the bank accounts of the shell companies and they personally sent and ensured the sending of bank transfers through the structure of the bank accounts of shell companies to conceal and spend the proceeds of the bribery. The purpose of opening and operating the bank accounts of Swiss shell companies was to promote, assist, facilitate, conceal, and act as intermediaries for the bribery payments of Odebrecht for the benefit of the Official Government of Panama [*sic*: Panama Government Official], in such a way that Odebrecht could obtain a business with an undue advantage and being awarded and maintaining the business in Panama, causing the Official Government of Panama [*sic*: Panama Government Official], in a corrupt manner, to carry out acts proper to his position in its Official capacity and in violation of his obligations. In total, between approximately 2009 and 2012, the bank accounts of the shell companies in Switzerland controlled by RICARDO MARTINELLI and Luis Martinelli received a total of approximately 28 million US dollars in bribery from Odebrecht in favor of the Official Government of Panama [*sic*: Panama Government Official]. At least approximately 19 million US dollars of those bribery proceeds were transferred through US correspondent bank accounts

4

[seal:] THIRD CRIMINAL SENTENCING COURT, NARCOACTIVITY AND CRIMES AGAINST THE ENVIRONMENT Guatelama, C.A. [Central America] SECRETARIAT

[seal:] THIRD CRIMINAL SENTENCING COURT, NARCOACTIVITY AND CRIMES AGAINST THE ENVIRONMENT Guatelama, C.A. [illegible] [signature]

in New York. RICARDO MARTINELLI and Luis Martinelli later carried out numerous financial transactions in banks in the United States, some of which were in New York, New York, involving the proceeds of payments for bribery by Odebrecht. From approximately August 2009 to September 2015, RICARDO MARTINELLI and Luis Martinelli, together with others, performed a series of steps to open and manage secret bank accounts in the name of shell companies in foreign jurisdictions, which were used to receive and then transfer and deliver bribery payments that Odebrecht made or had made in favor of the Official Government of Panama [sic: Panama Government Official]. Specifically, RICARDO MARTINELLI and Luis Martinelli established shell companies in foreign jurisdictions; they served as signatories on some of the bank accounts of the shell companies, and they personally sent and ensured the sending of bank transfers through the structure of the bank accounts of the shell companies to conceal and spend the proceeds of the bribery." The crimes for which RICARDO ALBERTO MARTINELLI LINARES is requested for extradition are contemplated in article 23 of the United Nations Convention Against Corruption of October thirty-one, two thousand twenty-three [sic: Panama Government Official], to which Guatemala and the United States of America are parties. Pursuant to Article 44 of the United Nations Convention Against Corruption, each crime to which the Article applies must be considered to be included as an extraditable crime in any existing extradition treaty between the parties.

**IV) LEGAL GROUNDS:** In the case at hand, the United States of America has requested, from the State of Guatemala, the Formal

[signature]                              [signature]

Extradition of the Panamanian citizen **RICARDO ALBERTO MARTINELLI LINARES** and the party subject to the extradition request is attributed facts related to corruption, from which this Court analyzes the applicability of the Extradition Treaty signed between the United States of America and the State of Guatemala. In this sense, this court, according to the documentation sent by the respective judicial authority of the United States of America, observes that the criminal acts attributed to the aforementioned Panamanian citizen occurred approximately between August two thousand nine and January two thousand fourteen, according to Amended Indictment in case number 20-M-498 (also referred to as 20-498 M and 2020R00016), filed on July twenty, two thousand twenty in the United States District Court for the Eastern District of New York, and the treaty between the Government of the United States of America and the State of Guatemala invoked was signed on February twenty-seven of the year nineteen oh three, approved in accordance with Decree of the Congress of the Republic number five hundred sixty-one, issued on April twenty-eight, nineteen oh three, ratified by the State of Guatemala on June twelve, nineteen hundred oh three, amended by the Supplementary Convention on February twenty, nineteen forty, ratified on June twenty, nineteen forty; which means that the applicability of the invoked treaty to make it effective is appropriate, since the facts attributed to the party subject to the extradition request occurred after the invoked Treaty and Supplementary Convention had entered into force. The Regulatory Law of Extradition Procedure, in its article 3, establishes: "Agreement or voluntary surrender. The person against whom the extradition procedure is directed may agree to the request or voluntarily surrender to the Requesting State at any time during the procedure, even before the

6

[seal:] THIRD CRIMINAL SENTENCING COURT, NARCOACTIVITY AND CRIMES AGAINST THE ENVIRONMENT Guatelama, C.A. [Central America] SECRETARIAT

[seal:] THIRD CRIMINAL SENTENCING COURT, NARCOACTIVITY AND CRIMES AGAINST THE ENVIRONMENT Guatelama, C.A. [illegible]

[signature]

formal presentation of the request. The court hearing the procedure, once the declaration has been received, without more formalities, will place the person requested in Extradition at the disposal of the Ministry of Foreign Affairs so that it coordinates with the authority of the requesting State and to verify the immediate delivery. When the formal request refers to or includes several subjects, and one or more of them agree to the request made or decide to surrender voluntarily, it must be resolved in accordance with the preceding paragraph, notwithstanding the continuation of the extradition process started for the other persons." Article 4 of the same law establishes: Effects of the agreement or voluntary surrender. "The agreement to the formal request for extradition or voluntary surrender to the Requesting State will suspend the passive extradition procedure for whoever agrees. The request for agreement or voluntary surrender must be accompanied by the express waiver of any recourse or action brought before any jurisdictional or constitutional body." Likewise, Article XII of the Extradition Treaty establishes: "All objects in the possession of the accused and obtained through the act of which he is accused, or that may serve as evidence of the crime for which his extradition is requested, will be seized and handed over with him, if it is so ordered by the competent authority..." In this sense, this court concludes that it is appropriate to apply the Extradition Treaty in force between the United States of America and the State of Guatemala, the Supplementary Convention to said Treaty, the United Nations Convention Against Corruption, and the Regulatory Law of the Extradition Procedure.

[signature]                    [signature]

7

**V)   REGARDING THE FACTUAL GROUNDS:** In the case at hand, at a hearing on the same date, convened to resolve the legal situation of the Panamanian citizen requested in extradition **RICARDO ALBERTO MARTINELLI LINARES;** being aware that he is being formally requested by the Government of the United States of America and of the evidence sent by the requesting State, because he is accused in that country of having committed criminal acts related to corruption, he expressed his desire to agree voluntarily to the extradition request, requesting the court to perform the corresponding steps as soon as possible to carry out his delivery to the Government of the United States of America, waiving any means of challenge and appeal. **Defense attorney** Abraham Isaí Giron Morales, after hearing from his client of the desire to agree to this request, waived any recourse to challenge pursuant to article 19 of the Law of the Judicial Body; and pursuant to article 3 and 4 of the Regulatory Law of Extradition Procedure, he requested that his principal's will to agree be accepted and that the present extradition procedure be suspended, and that the return of the goods that will be made available to the Public Prosecutor's Office that are not related to the extradition procedure be authorized. **The Public Prosecutor's Office**, knowing the disposition of the person subject to the request to agree to the extradition request, requested that the request be accepted, that said request be declared admissible due to the charges described in the formal request for extradition and supplementary documentation, that the extradition procedure be suspended, that the person subject to the request be placed at the disposal of the Ministry of Foreign Affairs for his formal delivery to the requesting country, that the seizure of the property that was seized from the party subject to the request for extradition be ordered, which are: a)A cellphone possibly black

8

[seal:] THIRD CRIMINAL SENTENCING COURT, NARCOACTIVITY AND CRIMES AGAINST THE ENVIRONMENT Guatelama, C.A. [Central America] SECRETARIAT

[seal:] THIRD CRIMINAL SENTENCING COURT, NARCOACTIVITY AND CRIMES AGAINST THE ENVIRONMENT Guatelama, C.A. [illegible] [signature]

with green, with an apple logo on the back, with a transparent protector, with cover and sealed battery, without micro SD, CLARO SIM, 89502 01019 89664 4924F, IMEI 353894104609507. b) A cellphone, black with an apple logo on the back, with a red protector, cover and sealed battery, without micro SD, without SIM card, IMEI 356469101367503, to be delivered with Mr. Ricardo Alberto Martinelli Linares to the requesting country; and, regarding the other seized objects, they are: a) Cash, in the amount of €2,425.00 EUROS and Q 55.00 QUETZALES, b) A diplomatic identification of the Central American Parliament; and c) Eight plastic cards and one metal card in the name of Ricardo Alberto Martinelli Linares remain at the disposal of the Public Prosecutor's Office, so that if the defense or the party subject to the request wishes to have them back, they must proceed according to law, as they do not meet the requirement established by article XII of the bilateral treaty. It also stated that the following documents are presented: 1) Official letter identified as Reference: UEAI 2020-012 dated July nine, two thousand twenty, issued by the Director of Legal Affairs, International Treaties, and Translations of the Ministry of Foreign Affairs of the Government of Guatemala, in which it is indicated that, according to information provided by the General Subdirectorate of Diplomatic and Ceremonial Protocol, there is no Diplomatic Agent registered under the name of RICARDO ALBERTO MARTINELLI LINARES and/or RICARDO MARTINELLI LINARES; 2) Official Letter identified as Reference UEAI 2020-012 dated August twelve, two thousand twenty, issued by the Director of Legal Affairs, International Treaties, and Translations of the

[signature]                    [signature]

9

Ministry of Foreign Affairs of the Government of Guatemala, which contains information from the Central American Parliament related to Mr. RICARDO ALBERTO MARTINELLI LINARES; 3) Official letter identified as FE-30128-2021 dated November two, two thousand twenty-one issued by the Public Prosecutor's Office for Enforcement in which it is stated that the party subject to the request for extradition has not been granted the criteria of Opportunity, Conditional Suspension of the Execution of the Penalty, and/or Summarized Procedure; 4) Official letter identified as 82-2021/sctr dated October eight, two thousand twenty-one, issued by the Central Registry of Detainees of the National Center for Judicial Analysis and Documentation; 5) Electronic Ballot No. E2021-0037366 dated October eleven, two thousand twenty-one, issued by the Judicial Body, Supreme Court of Justice of Guatemala, in which it appears that the party subject to the request for extradition, Ricardo Alberto Martinelli Linares, does not have a criminal record; and 6) Official Letter No. 887-2021/WS dated November three, two thousand twenty-one, issued by the Unit for the Registration of Detentions and Alerts, Subdirectorate of Immigration Control of the Guatemalan Migration Institute, in which it is stated that Mr. Ricardo Alberto Martinelli Linares has no detention order in force, but he does have a current immigration alert. In that sense, based on what was stated by the party subject to the request and his defense, the court concludes and, without further formalities, declares the formal extradition against the aforementioned person to be admissible, making him available to the Ministry of Foreign Affairs to coordinate with the authority of the requesting State and verify his delivery, since, according to information presented by the Public Prosecutor's Office, he is not subject to criminal proceedings in the country. Therefore, by virtue of the agreement, the present Extradition

10

[seal:] THIRD CRIMINAL SENTENCING COURT, NARCOACTIVITY AND CRIMES AGAINST THE ENVIRONMENT Guatelama, C.A. [Central America] SECRETARIAT

[seal:] THIRD CRIMINAL SENTENCING COURT, NARCOACTIVITY AND CRIMES AGAINST THE ENVIRONMENT Guatelama, C.A. [illegible] [signature]

procedure is suspended. By virtue of what has been stated by the Public Prosecutor's Office and in compliance with Article XII of the Extradition Treaty, the following objects have been seized: a)_**A cellphone**, possibly black with green, with an apple logo on the back, with a transparent protector, with cover and sealed battery, without micro SD, CLARO SIM 89502 01019 89664 4924F, IMEI 353894104609507. b) **A cellphone**, black with an apple logo on the back, with a red protector, a cover and sealed battery, without micro SD, without SIM card, IMEI 356469101367503, which must be delivered to the requesting country together with the Panamanian citizen RICARDO ALBERTO MARTINELLI LINARES; and the objects seized from the party subject to the request for extradition are made available to the Public Prosecutor's Office, being the following: a) Cash amounting to 2,425 EUROS and 55 QUETZALES, b) A diplomatic identification of the Central American Parliament; and c) Eight plastic cards and one metal card in the name of Ricardo Alberto Martinelli Linares, so that, if the defense or the party subject to the request wishes to have them back, they must proceed according to law, as they do not meet the requirement established by article XII of the bilateral treaty.

**VI) OPERATIVE PART:** This Court, based on what is considered and the provisions of Articles: 6, 12, 14, 17, 27, 149 of the Political Constitution of the Republic of Guatemala; 23 and 44 of the United Nations Convention Against Corruption; I, III, IV, V, VII, VIII, XI, and XII of the Extradition Treaty signed between Guatemala and the United States, and I, II, and III of the Supplementary Convention to the Extradition Treaty, 2, 3, 4, 17, 19, 22, 29 of the Law Regulating the Extradition

[signature]

11

Procedure, 141, 142, 143, of the Law of the Judicial Body, **WITH AN UNANIMOUS RULING, DECLARES: I) ADMISSIBLE THE FORMAL EXTRADITION** of the Panamanian citizen **RICARDO ALBERTO MARTINELLI LINARES,** by virtue of the agreement to the extradition request; due to what has been considered above; **II)** The provisional detention of the party subject to the request is formalized, until his delivery to the requesting State is made effective; **III)** Inform the National Civil Police to annul the arrest warrant issued against the party subject to the request; **IV)** The present Extradition procedure is suspended, by virtue of the agreement; **V)** With certification of the most important passages of the judicial process and of the ruling that decreed the extradition, through the Secretariat of the Supreme Court of Justice, contact and make available to the Ministry of Foreign Affairs so that his delivery is made effective; **VI)** The seizure of the two telephones identified above is ordered, so that they be delivered together with the party subject to the request in extradition to the authorities of the United States of America; **VII)** The objects detailed in this resolution remain at the disposal of the Public Prosecutor's Office, so that, if the defense or the party subject to the request wishes to have them back, they must proceed according to law, as they do not meet the requirement established by article XII of the bilateral treaty; **VIII)** It is hereby ordered that it be notified.

[signature]
**ATTORNEY SAÚL ORLANDO ÁLVAREZ RUIZ**
**PRESIDING JUDGE**

[signature]
**CÉSAR AUGUSTO AMÉZQUITA RUANO**
**JUDGE**

[signature]
**ATTORNEY OSCAR ROLANDO DE LEON COLOMA**
**JUDGE**

[signature]

12

[seal:] THIRD CRIMINAL SENTENCING COURT,
NARCOACTIVITY AND CRIMES AGAINST THE
ENVIRONMENT Guatelama, C.A. [Central
America] SECRETARIAT
[seal:] THIRD CRIMINAL SENTENCING COURT,
NARCOACTIVITY AND CRIMES AGAINST THE
ENVIRONMENT Guatelama, C.A. [illegible]
[signature]
**MS. BERTA PATRICIA AMAYA AYALA
SECRETARY**

[signature]                          [signature]

13

ORIGINAL SPANISH-LANGUAGE DOCUMENT



**NUMERO ÚNICO 01036-2020-00010**

**EXTRADICION 10-2020 SECRETARÍA**

**TRIBUNAL TERCERO DE SENTENCIA PENAL, NARCOACTIVIDAD Y DELITOS CONTRA EL AMBIENTE. GUATEMALA, OCHO DE NOVIEMBRE DEL AÑO DOS MIL VEINTIUNO.** - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

I) Se tiene a la vista para resolver la solicitud formal de extradición presentada por el gobierno de los Estados Unidos de América, en contra del ciudadano panameño **RICARDO ALBERTO MARTINELLI LINARES.** - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

II) **DATOS DE IDENTIFICACION PERSONAL DEL SOLICITADO, CON INDICACIÓN DEL ESTADO REQUIRENTE:** El gobierno de los Estados Unidos de América, por el conducto correspondiente requiere la extradición del ciudadano panameño **RICARDO ALBERTO MARTINELLI LINARES**, de cuarenta y dos años de edad, soltero, panameño, empresario, nació el veintiséis de agosto de mil novecientos setenta y nueve en la Ciudad de Panamá, es hijo de Ricardo Alberto Martinelli Berrocal y Marta Linares de Martinelli, se identifica con pasaporte panameño número PA 0803503. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

III) **DE LA RELACION SUSCINTA DE LOS HECHOS ATRIBUIDOS AL SOLICITADO EN EXTRADICIÓN.** De conformidad con la solicitud escrita de extradición presentada en este tribunal por el Ministerio Público; según Nota Verbal número doscientos treinta y cinco de fecha veintisiete de agosto de año dos mil veinte y Nota Verbal número ciento noventa y nueve de fecha tres de mayo de dos mil veintiuno, remitidas por la Embajada de Estados Unidos de América acreditada en Guatemala, a través del Ministerio de Relaciones Exteriores de la República de Guatemala, en las cuales presentan la solicitud formal de extradición del ciudadano panameño **RICARDO ALBERTO MARTINELLI**

1

**LINARES.** El requerido en extradición, es sujeto de una Acusación Enmendada en el caso número 20-M-498, (también referido como 20-498M y 2020R00016), presentada el veinte de julio de dos mil veinte, en el Tribunal Distrital de los Estados Unidos para el Distrito Este de Nueva York, imputándole los siguientes delitos: **CARGO UNO:** Asociación Ilícita para cometer lavado de dinero, en violación de las secciones 1956 (h), 1956 (a)(1)(B)(i), 1956 (a)(2)(A) y 1957 del Título 18 de Código de Estados Unidos de América. **CARGO DOS:** Lavado de dinero en violación de las secciones 1956(a)(1)(B)(i), y 2 Título 18 de Código de Estados Unidos de América; y una acusación formal en el caso número 1:21-cr-00065(RJD) (también referido como 1:21-cr-00065 (DG) (VMS), Cr. Número 1:21-cr-00065(DG) (VMS), Caso 1:21-cr-00065-DG, Caso 1:21-cr-00065(RJD) y Caso Número 1:21-cr-00065(DG) (VMS)), presentada el cuatro de febrero de dos mil veintiuno, en el Tribunal de Distrito de los Estados, Distrito Este de Nueva York, imputándole los delitos siguientes: **CARGO UNO:** Conspiración para cometer lavado de dinero, en violación a las Secciones 1956(h), 1956(a)(1)(B)(i), 1956 (a) (2)(A) y 1957, 3238 y 3551 y siguientes del Título 18 de Código de Estados Unidos de América. **CARGO DOS Y TRES:** Lavado de dinero, en violación a las secciones 1956(a)(1)(B)(i) 3238 y 3551 y siguientes del Título 18 de Código de Estados Unidos de América. Estos cargos se hacen en base a los siguientes hechos: "El 21 de diciembre de 2016, Odebrecht S.A. (en adelante referida como "Odebrecht") se declaró culpable en Estados Unidos por conspiración para violar las disposiciones contra el soborno de la Ley de Prácticas Corruptas en el Extranjero y admitió sobre una estructura que duró desde 2001 hasta 2016 para asegurar billones de dólares en proyectos de infraestructura pagando más de $700 millones dólares de Estados Unidos en sobornos hacia oficiales de gobierno en

2

Panamá y otros países. Odebrecht era una compañía brasileña de propiedad ("holding") que condujo negocios en múltiples industrias, incluyendo ingeniería, construcción, infraestructura, energía, químicos, servicios públicos e inmobiliaria. Odebrecht ocultó la naturaleza, fuente, propiedad y control de las ganancias de la estructura de soborno canalizando las ganancias de la estructura por medio de cuentas bancarias de compañías ficticias en el extranjero hacia los beneficiarios finales de los sobornos - funcionarios extranjeros y sus representantes. Odebrecht causó que se realizaran transferencias bancarias desde las cuentas bancarias relacionadas con Odebrecht hacía las cuentas bancarias de compañías ficticias en el extranjero controladas por Odebrecht incluyendo el paso por cuentas basadas en Nueva York. Los fondos destinados para el pago de sobornos ilegales luego eran transferidos a través de múltiples cuentas bancarias de compañías ficticias en el extranjero a través del mundo, incluyendo a través de cuentas bancarias basadas en Nueva York, antes que llegasen a los destinatarios finales del soborno. Odebrecht utilizó un agente en Estados Unidos para establecer y operar las cuentas bancarias de compañías ficticias en el extranjero utilizadas para el lavado de dinero y para sobornos para beneficio de oficiales extranjeros, incluyendo un funcionario público de alto rango en Panamá (en adelante referido como "Oficial del Gobierno de Panamá") desde 2009 hasta 2014. El Oficial del Gobierno de Panamá era un "servidor público" como está definido dicho término en el Código Penal de la República de Panamá. Aproximadamente entre agosto 2009 y enero 2014, Ricardo Alberto Martinelli Linares (en adelante Ricardo Martinelli) y Luís Enrique Martinelli Linares (en adelante referido como 'Luis

3

Martinelli"), junto con otras personas, participaron en el soborno de Odebrecht y la estructura de lavado de dinero, entre otras cosas, sirviendo como intermediarios por pagos de soborno y otras cosas de valor que Odebrecht ofreció y proveyó al Gobierno Oficial de Panamá. Entre otras cosas, RICARDO MARTINELLI y Luis Martinelli establecieron cuentas bancarias en el extranjero, en Suiza, bajo el nombre de empresas ficticias para recibir y encubrir los pagos por soborno de parte de Odebrecht realizados para el beneficio del Gobierno Oficial de Panamá. RICARDO MARTINELLI y Luis Martinelli establecieron compañías ficticias en jurisdicciones extranjeras; quienes sirvieron como signatarios en algunas de las cuentas bancarias de las empresas ficticias; y personalmente enviaron y causaron el envío de transferencias bancarias por medio de la estructura de las cuentas bancarias de empresas ficticias para ocultar y gastar las ganancias del soborno. El propósito de la apertura y operación de las cuentas bancarias de empresas ficticias suizas fue promover, asistir, facilitar, ocultar y servir como intermediarios de los pagos de soborno de Odebrecht para el beneficio del Gobierno Oficial de Panamá, de manera que Odebrecht pudiese obtener un negocio de ventaja indebida y ganar y mantener el negocio en Panamá, causando que el Gobierno Oficial de Panamá de forma corrupta realizara actos propios de su posición en su capacidad Oficial y en violación de sus obligaciones. En total, entre aproximadamente 2009 y 2012, las cuentas bancarias de las empresas ficticias en Suiza controladas por RICARDO MARTINELLI y Luis Martinelli recibieron un total de aproximadamente $28 millones de dólares de Estados Unidos en soborno de parte de Odebrecht para el beneficio del Gobierno

4



Oficial de Panamá. Al menos aproximadamente $19 millones de dólares de Estados Unidos de esas ganancias en sobornos fueron transferidos a través de cuentas bancarias corresponsales en Estados Unidos en Nueva York. RICARDO MARTINELLI y Luis Martinelli después llevaron a cabo numerosas transacciones financieras en bancos de Estados Unidos, de las cuales algunas de ellas fueron en Nueva York, Nueva York, implicando las ganancias de pagos por soborno de parte de Odebrecht.  Desde aproximadamente agosto de 2009 hasta septiembre de 2015, RICARDO MARTINELLI y Luis Martinelli, junto con otras personas, llevaron a cabo una serie de pasos para abrir y manejar cuentas bancarias secretas a nombre de las compañías ficticias en jurisdicciones extranjeras, las cuales eran utilizadas para recibir y luego transferir y entregar pagos de soborno que Odebrecht hizo causo el realizar para beneficio del Gobierno Oficial de Panamá. Específicamente, RICARDO MARTINELLI y Luis Martinelli establecieron compañías ficticias en jurisdicciones extranjeras; sirvieron como signatarios en algunas de las cuentas bancarias de las empresas ficticias; y personalmente enviaron y causaron el envío de transferencias bancarias por medio de la estructura de las cuentas bancarias de las empresas ficticias para ocultar y gastar las ganancias del soborno."   Los delitos por los cuales el requerido RICARDO ALBERTO MARTINELLI LINARES es solicitado en extradición se encuentran contemplados en el artículo 23 de la Convención de las Naciones Unidas Contra la Corrupción del treinta y uno de octubre de dos mil veintitrés, del cual Guatemala como los Estados Unidos de América son parte.  De acuerdo al Artículo 44 de la Convención de las Naciones Unidas Contra la Corrupción, cada delito al cual el Artículo aplique deberá ser considerado para ser incluido

5

como un delito extraditable en cualquier tratado de extradición existente entre las partes. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**IV) FUNDAMENTOS DE DERECHO:** En el presente caso, los Estados Unidos de América, ha requerido al Estado de Guatemala, la Formal Extradición del ciudadano panameño **RICARDO ALBERTO MARTINELLI LINARES** siendo que al requerido se le atribuyen hechos relacionados con corrupción de lo cual este Tribunal analiza la aplicabilidad del Tratado de Extradición suscrito entre los Estados Unidos de América y el Estado de Guatemala. Al respecto este tribunal conforme a la documentación remitida por la autoridad judicial respectiva de los Estados Unidos de América, se advierte que los hechos delictivos que se le atribuyen al ciudadano panameño antes mencionado, sucedieron aproximadamente entre agosto dos mil nueve y enero dos mil catorce, según Acusación Enmendada en el caso número 20-M-498 (también referida como 20-498 M y 2020R00016), presentada el veinte de julio de dos mil veinte en el Tribunal Distrital de los Estados Unidos para el Distrito Este de Nueva York, y el tratado entre el Gobierno de los Estados Unidos de América y el Estado de Guatemala que se invoca fue suscrito el veintisiete de febrero del año de mil novecientos tres, aprobado conforme Decreto del Congreso de la República número quinientos sesenta y uno, emitido el veintiocho de abril de mil novecientos tres, ratificado por el Estado de Guatemala el doce de junio de mil novecientos tres, enmendado por la Convención Suplementaria el veinte de febrero de mil novecientos cuarenta, ratificado el veinte de junio de mil novecientos cuarenta; lo que significa que es procedente la aplicabilidad del tratado invocado para hacerla efectiva, ya que los hechos atribuidos al solicitado, sucedieron posterior de haber entrado en vigencia el Tratado y la Convención

6



Suplementaria invocados. La Ley Reguladora del Procedimiento de Extradición, en su artículo 3 establece: "Allanamiento o entrega voluntaria. La persona contra la que se dirija el procedimiento de extradición, podrá allanarse a la solicitud o entregarse voluntariamente al Estado Requirente en cualquier momento del procedimiento, incluso antes de la presentación formal de la solicitud. El tribunal que conoce del procedimiento, una vez recibida la declaración, sin más trámite, pondrá a la persona reclamada en Extradición a disposición del Ministerio de Relaciones Exteriores para que éste coordine con la autoridad del Estado solicitante y se verifique la entrega inmediata. Cuando la solicitud formal se refiera o incluye a varios sujetos, y uno o varios de ellos se allanaren a la solicitud planteada o decidieran entregarse voluntariamente, se deberá resolver la misma de conformidad con el párrafo precedente, sin perjuicio de seguir con el trámite de extradición iniciado para las otras personas." El artículo 4 de la misma ley establece: Efectos del allanamiento o entrega voluntaria. "El allanamiento a la solicitud formal de extradición o entrega voluntaria al Estado Requirente suspenderá el procedimiento de extradición pasiva para quien se allane. La petición de allanamiento o de entrega voluntaria deberá ir acompañada de la renuncia expresa a cualquier recurso o acción interpuesta ante cualquier órgano jurisdiccional o constitucional". Así también el Artículo XII del Tratado de Extradición establece: "Todos los objetos encontrados en poder del acusado y obtenidos por medio del acto de que le acusa, o que puedan servir de prueba del delito por el cual se pide su extradición, serán secuestrados y entregados con su persona, si así lo ordena la autoridad competente...". En ese orden de ideas este tribunal concluye que es procedente aplicar el Tratado de Extradición vigente entre los Estados

7

Unidos de América y el Estado de Guatemala, la Convención Suplementaria a dicho Tratado, Convención de las Naciones Unidas Contra la Corrupción y la Ley Reguladora del Procedimiento de Extradición.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**V) DE LOS FUNDAMENTOS DE HECHO:** En el presente caso, en audiencia de esta misma fecha, convocada para resolver la situación jurídica del solicitado en extradición ciudadano panameño **RICARDO ALBERTO MARTINELLI LINARES;** enterado que está siendo formalmente requerido por el Gobierno de los Estados Unidos de América y de las pruebas remitidas por el Estado requirente, porque en dicho país se le señala haber cometido actos delictivos relacionados con corrupción, manifiestó su deseo de allanarse voluntariamente a la solicitud de extradición, solicitando al tribunal que se realice las gestiones correspondientes a la brevedad posible para llevar a cabo su entrega al Gobierno de los Estados Unidos de América, renunciando a cualquier medio de impugnación y recurso. **El abogado defensor** Abraham Isaí Giron Morales, luego de escuchar a su patrocinado del deseo de allanarse a la presente solicitud, renunció a cualquier recurso para impugnar de conformidad al artículo 19 de la Ley del Organismo Judicial; y de conformidad al artículo 3 y 4 de la Ley Reguladora del Procedimiento de Extradición, solicitó se tenga por aceptada la voluntad de allanarse de su patrocinado y se suspenda el presente trámite de extradición, asimismo se autorice la devolución de los bienes que estarán a disposición del Ministerio Público que no tienen relación con el procedimiento de extradición. **El Ministerio Público,** conociendo la disposición del requerido de allanarse a la solicitud de extradición, solicitó se acepte la petición, se declare procedente dicha solicitud por los cargos descritos en la solicitud formal de extradición y

documentación suplementaria, se suspenda el trámite del procedimiento de extradición, se ponga al requerido a disposición del Ministerio de Relaciones Exteriores para su formal entrega al país requirente, se ordene el secuestro de los bienes que le fueron incautados al requerido en extradición siendo: a) Un teléfono celular posible color negro con verde, con logotipo de manzana en el revés, con un protector transparente, con tapadera y batería sellada, sin micro SD, SIM CLARO, 89502 01019 89664 4924F, IMEI 353894104609507. b) Un teléfono celular color negro con un logotipo de manzana en el revés, con un protector rojo, tapadera y batería sellada, sin micro SD, sin SIM, IMEI 356469101367503, para ser entregados con el señor Ricardo Alberto Martinelli Linares al país requirente; y en cuanto a los demás objetos incautados siendo: a) Dinero en efectivo, por la suma de € 2,425.00 EUROS y Q 55.00 QUETZALES, b) Una identificación diplomática del Parlamento Centroamericano; y c) Ocho tarjetas plásticas y una de metal a nombre de Ricardo Alberto Martinelli Linares queden a disposición del Ministerio Público, para que si la defensa o el requerido desean la devolución, se proceda conforme a ley, en virtud que no cumplen con el requisito que establece el artículo XII del tratado bilateral. Asimismo manifestó que presenta los siguientes documentos: 1) Oficio identificado como Referencia: UEAI 2020-012 de fecha nueve de julio de dos mil veinte, emitido por la Directora de Asuntos Jurídicos, Tratados Internacionales y Traducciones del Ministerio de Relaciones Exteriores del Gobierno de Guatemala, en el cual se indica que según información proporcionada por la Subdirección General de Protocolo y Ceremonial Diplomático, no se encuentra registrado Agente Diplomático con el nombre de RICARDO ALBERTO MARTINELLI LINARES y/o RICARDO MARTINELLI LINARES; 2) Oficio identificado como



9

Referencia UEAI 2020-012 de fecha doce de agosto de dos mil veinte,
emitido por la Directora de Asuntos Jurídicos, Tratados Internacionales y
Traducciones del Ministerio de Relaciones Exteriores del Gobierno de
Guatemala, el cual contiene información del Parlamento
Centroamericano relacionada con el señor RICARDO ALBERTO
MARTINELLI LINARES; 3) Oficio identificado como FE-30128-2021 de
fecha dos de noviembre de dos mil veintiuno emitido por la Fiscalía de
Ejecución del Ministerio Publico en el cual consta que al requerido en
extradición no se le ha otorgado criterio de Oportunidad, Suspensión
Condicional de la Ejecución de la Pena y/o Procedimiento Abreviado;
4) Oficio identificado como 82-2021/sctr de fecha ocho de octubre de
dos mil veintiuno, extendido por el Registro Central de Detenidos del
Cetro Nacional de Análisis y Documentación Judicial; 5) Boleta
Electrónica No. E2021-0037366 de fecha once de octubre de dos mil
veintiuno, emitido por el Organismo Judicial, Corte Suprema de Justicia
de Guatemala, en el cual consta que al requerido Ricardo Alberto
Martinelli Linares no le aparecen antecedentes penales; y 6) Oficio No.
887-2021/WS de fecha tres de noviembre de dos mil veintiuno, emitido
por la Unidad de Registro de Arraigos y Alertas Subdirección de Control
Migratorio del Instituto Guatemalteco de Migración, en el cual consta
que al señor Ricardo Alberto Martinelli Linares no tiene arraigo vigente
pero si cuenta con alerta migratoria vigente. En ese orden de ideas, en
base a lo manifestado por el requerido y su defensa, el tribunal
concluye y sin más trámite, declarar procedente la formal extradición
en contra de la persona antes relacionada, poniendo la misma a
disposición del Ministerio de Relaciones Exteriores para que coordine
con la autoridad del Estado solicitante y verifique su entrega, ya que
según información presentada por el Ministerio Público, no se

encuentra sujeta a proceso penal en el país. Por lo que en virtud del allanamiento se suspende el presente procedimiento de Extradición. En virtud de lo manifestado por el Ministerio Público y en cumplimiento del Artículo XII del Tratado de Extradición se declara el secuestro de los siguientes objetos: a) **Un teléfono** celular posible color negro con verde, con logotipo de manzana en el revés, con un protector transparente, con tapadera y batería sellada, sin micro SD, SIM CLARO, 89502 01019 89664 4924F, IMEI 353894104609507. b) **Un teléfono** celular color negro con un logotipo de manzana en el revés, con un protector rojo, tapadera y batería sellada, sin micro SD, sin SIM, IMEI 356469101367503, los cuales deben ser entregados al país requirente juntamente con el ciudadano panameño RICARDO ALBERTO MARTINELLI LINARES; y se pone a disposición del Ministerio Publico los objetos incautados al requerido en extradición, siendo los siguientes: a) Dinero en efectivo que asciende a 2,425 EUROS y 55 QUETZALES, b) Una identificación diplomática del Parlamento Centroamericano; y c) Ocho tarjetas plásticas y una de metal a nombre de Ricardo Alberto Martinelli Linares, para que si la defensa o el requerido desean la devolución, se proceda conforme a la ley, en virtud que no cumplen con el requisito que establece el artículo XII del tratado bilateral.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**VI) PARTE RESOLUTIVA:** Este Tribunal con base en lo considerado y en lo que para el efecto preceptúan los Artículos: 6, 12, 14, 17, 27, 149 de la Constitución Política de la República de Guatemala; 23 y 44 de la Convención de las Naciones Unidas Contra la Corrupción; I, III, IV, V, VII, VIII, XI, y XII del Tratado de Extradición suscrito entre Guatemala y los Estados Unidos, y I, II y III de la Convención Suplementaria al Tratado de Extradición, 2, 3, 4, 17, 19, 22, 29 de la Ley Reguladora del Procedimiento de Extradición, 141, 142, 143, de la Ley del Organismo

Judicial, **AL RESOLVER POR UNANIMIDAD DECLARA: I) PROCEDENTE LA FORMAL EXTRADICCIÓN,** del ciudadano panameño **RICARDO ALBERTO MARTINELLI LINARES,** en virtud del allanamiento a la solicitud de extradición; por lo anteriormente considerado; **II)** Se formaliza la detención provisional del requerido, hasta que se haga efectiva su entrega al Estado requirente; **III)** Ofíciese a la Policía Nacional Civil para dejar sin efecto la orden de detención dictada en contra del requerido; **IV)** Se suspende el presente procedimiento de Extradición, en virtud de allanamiento; **V)** Con certificación de los pasajes más importantes del trámite judicial y del fallo que decretó la extradición, a través de la Secretaría de la Corte Suprema de Justicia, comuníquese y póngase a disposición del Ministerio de Relaciones Exteriores para que se haga efectiva su entrega; **VI)** Se ordena el secuestro de los dos teléfonos individualizados anteriormente, con el objeto que sean entregados juntamente con el requerido en extradición a las autoridades de los Estados Unidos de América; **VII)** Queda a disposición del Ministerio Público los objetos detallados en la presente resolución, de los cuales si la defensa o el requerido desean la devolución se proceda conforme a la ley, en virtud que no cumplen con el requisito que establece el artículo XII del tratado bilateral; **VIII)** Notifíquese.

**ABOGADO SAÚL ORLANDO ÁLVAREZ RUIZ**
**JUEZ PRESIDENTE**

**CÉSAR AUGUSTO AMÉZQUITA RUANO**
**JUEZ**

**ABOGADO OSCAR ROLANDO DE LEON COLOMA**
**JUEZ**

**LICENCIADA BERTA PATRICIA AMAYA AYALA**
**SECRETARIA**

12