FR:TRP
F. #2020R00016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | PRELIMINARY ORDER OF FORFEITURE |
| - against - | |
| LUIS ENRIQUE MARTINELLI LINARES, | 21-CR-65 (RJD) |
| Defendant. | |

- - - - - - - - - - - - - - - - X

WHEREAS, on or about December 2, 2021, Luis Enrique Martinelli Linares (the "defendant"), entered a plea of guilty to a violation of 18 U.S.C. § 1956(h), as charged in Count One of the above-captioned Indictment; and

WHEREAS, pursuant to 18 U.S.C. §§ 982(a)(l) and 982(b)(1), and 21 U.S.C. § 853(p), the defendant has consented to the entry of a forfeiture money judgment in the amount of eighteen million eight hundred ninety-two thousand five hundred thirty-two dollars and forty cents ($18,892,532.40) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title, and interest in the following assets (collectively, the "Forfeitable Assets"), and all proceeds traceable thereto, as property involved in the defendant's violation of 18 U.S.C. § 1956(h) and/or substitute assets, pursuant to 18 U.S.C. §§ 982(a)(l) and 982(b)(1), and 21 U.S.C. § 853(p): (i) all funds on deposit at Bank Vontobel AG (the "Vontobel Funds") in Switzerland in account nos. 10.520976-6 and 10.328862 1, held in the names of Diamong Investments Corp. and Waterspoon International Ltd., respectively; (ii) all funds previously restrained by U.S. Immigration and Customs

Enforcement in connection with the defendant's immigration bond, file no. A \*\*\*-\*\*4-620, Bond Receipt no. KROC1900454, and associated with Treasury Account Symbol 70X6697 Fund Code 05, currently on deposit in the United States Marshals Service's ("USMS") Seized Asset Deposit Fund ("SADF") in the approximate amount of one million thirty-two thousand five hundred eight dollars and fourteen cents ($1,032,508.14) U.S. Currency (the "Bond Funds"); (iii) all funds previously held in the attorney escrow account at International Finance Bank held for the benefit of the defendant, currently on deposit in the SADF in the approximate amount of six hundred ninety-seven thousand four hundred fifty-eight dollars and seventy-five cents ($697,458.75) (the "IFB Funds"); (iv) all funds held in the attorney escrow account in Switzerland for the benefit of the defendant and Ricardo Alberto Martinelli Linares (the "Swiss Escrow Funds"); (v) the real property and premises (the "Miami Condo") located at Icon Tower, 495 Brickell Avenue, Apt. 4701, Miami, FL, 33133, the net sale proceeds of which are currently on deposit in the SADF in the approximate amount of one million four hundred ninety-three thousand, nine hundred sixty-one dollars and ninety-eight cents ($1,493,961.98); and (vi) six hundred sixty-nine thousand forty-seven dollars and twenty cents ($669,047.20), currently on deposit at the SADF;

   IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

   1. Pursuant to 18 U.S.C. §§ 982(a)(l) and 982(b)(1), and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and interest in the Forfeitable Assets.

   2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals

Service with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Tanisha R. Payne, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201.

   3. If forfeited to the United States -and/or in the case of the Vontobel Funds and the Swiss Escrow Funds, if forfeited to the government of Switzerland-the Forfeitable Assets shall be credited towards the Forfeiture Money Judgment. The defendant shall assist with the repatriation and/or forfeiture of the Forfeitable Assets as follows:

   a. <u>The Vontobel Funds, the IFB Funds, and the Swiss Escrow Funds.</u> The defendant shall take all necessary steps as directed by the government in the repatriation of the Vontobel Funds and the Swiss Escrow Funds, including the execution of a consent directive for the transfer of the Vontobel Funds and the Swiss Escrow Funds, to an account designated by the government. In the event that any portion of the Vontobel Funds, the IFB Funds, and the Swiss Escrow Funds is returned to the defendant, or any other person, the defendant consents to, and will assist in, the repatriation and/or surrender of such funds for forfeiture proceedings in the United States.

   b. <u>The Bond Funds.</u> In the event that any portion of the Bond Funds is returned to the defendant, or any other person, the defendant consents to, and will assist in, the restraint and recovery of such funds for forfeiture proceedings.

   c. <u>The Miami Condo.</u> In the event that any portion of the net sale proceeds of the Miami Condo is returned to the defendant, or any other person, the defendant consents to, and will assist in, the restraint and recovery of such funds for forfeiture proceedings.

4. Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Forfeitable Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

5. The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, and of its intent to dispose of the Forfeitable Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeitable Assets as a substitute for published notice as to those persons so notified.

6. Any person, other than the defendant, asserting a legal interest in the Forfeitable Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeitable Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Forfeitable Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7. The defendant shall fully assist the government in the repatriation, surrender and forfeiture of the Forfeitable Assets and the payment of the Forfeiture Money Judgment to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Forfeitable Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the repatriation, surrender and forfeiture of the Forfeitable Assets to the United States. Such assistance shall also include providing any evidence, including any testimony, needed to seek the repatriation or forfeiture of the Forfeitable Assets and/or to defend any third-party claims to such assets. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of any of the Forfeitable Assets or any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of any of the Forfeitable Assets or any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) forfeiture proceeding.

8. If the Forfeitable Assets or the Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States, with the consent of the defendant, may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Forfeitable Assets, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), as the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

9. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

11. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Forfeitable Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

12. The forfeiture of the Forfeitable Assets and the entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty,

restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

13. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

14. This Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

15. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

16. The Clerk of the Court is directed to send, by inter-office mail, two (2) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: FSA Law Clerk Joshua Lahijani, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated:   Brooklyn, New York
         _____, 2022

SO ORDERED:

_____
HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK